# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-CR-138 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| KENDAREEN HUDSON, | |
| Defendant(s). | |

Presently before the court is the matter of *United States v. Hudson*, case number 2:17-cr-00138-JCM-VCF. On November 7, 2019, the court sentenced defendant Kendareen Hudson to time served, to be followed by three years of supervised release. (ECF Nos. 104, 105). In the court's oral pronouncement of that sentence, it set forth its reasons for granting a downward departure under U.S.S.G. § 4A1.3(b).

Section 4A1.3(b) provides that the court may depart downward in determining a defendant's applicable criminal history category when "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). When departing downward under this section, the court is required to specify in writing "the specific reasons why the applicable criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(c)(2).

The court concluded that Hudson's criminal history as reported to the court substantially overrepresented the seriousness of her criminal history and the likelihood that she would

reoffend. The presentence report (PSR) indicated that Hudson's total criminal history score was 8, which established a criminal history category of IV. PSR at 10–23.

The court found that the seriousness of Hudson's criminal history was overrepresented because only three of her past convictions, all of which occurred more than twelve years ago, were point-generating. The court also found that Hudson's criminal history overrepresented the likelihood that she would reoffend. This finding was based on her limited role as a getaway driver in the underlying offense, her apparent lack of any role in planning the offense or knowledge of how it would be carried out, and her compliance with the terms of her pretrial release during the approximately twenty-nine months prior to sentencing. Thus, the court held that a downward departure to a criminal history category of II was appropriate.

Accordingly,

For the reasons set forth in the oral pronouncement of sentence—as are recounted above—the court found that a downward departure was appropriate pursuant to U.S.S.G. § 4A1.3(b).

DATED November 13, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**